IN THE UNITED STATES DISTRICT COURT
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| WELLS FARGO BANK, N.A. ) | |
| successor –by-merger to ) | |
| WACHOVIA BANK, N.A. ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 1:10CV256 HSO-JMR |
| ) | |
| v. ) | |
| ) | |
| K.E.L. CONSTRUCTION CO., INC. and ) | |
| KENNETH E. LADNER, ) | |
| ) | |
| Defendants. | |

## DEFAULT JUDGMENT

THIS CAUSE came on to be heard on Plaintiff Well Fargo Bank, N.A. successor-by-merger to Wachovia Bank, N.A.'s ("Wells Fargo") Motion for Judgment by Default Against Defendants and for Related Relief ("Motion") filed on or about December 16, 2010 [Docket Entry 8]. Having considered the Motion and all related briefs, exhibits and other pleadings, the Court finds that the Motion should be granted and further finds and orders as follows.

On June 23, 2008, Wells Fargo made a loan to Defendant KEL Construction Co., Inc. ("KEL") in the original principal amount of $31,949.02 ("Loan I") evidenced by a Promissory Note ("Note I") dated June 23, 2008 made by KEL payable to the order of Wells Fargo. Loan I is secured by, among other things, an Unconditional Guaranty (the "Loan I Guaranty") dated June 23, 2008, executed by Ladner in favor of Wells Fargo. On August 25, 2008, Wells Fargo made a loan to KEL in the original principal amount of $115,301.90 ("Loan II") evidenced by a Promissory Note ("Note II") dated August 25, 2008 made by KEL payable to the order of Wells Fargo. Loan II is secured by, among other things, a Commercial Guaranty (the "Loan II Guaranty") dated January 10, 2005,

executed by Ladner in favor of Wells Fargo.  On August 25, 2008, Wells Fargo made a loan to KEL in the original principal amount of $105,000.00 ("Loan III") evidenced by a Promissory Note ("Note III") dated August 25, 2008 made by KEL payable to the order of Wells Fargo.  Loan III is secured by, among other things, an Unconditional Guaranty (the "Loan III Guaranty" together with the Loan I Guaranty and Loan II Guaranty, the "Guaranty Agreements") dated August 25, 2008, executed by Ladner in favor of Wells Fargo.  On June 23, 2008, Wells Fargo made a loan to Kenneth E. Ladner ("Ladner") in the original principal amount of $50,350.00 (the "Ladner Loan") evidenced by a Promissory Note dated June 23, 2008 (the "Ladner Note") made by Ladner payable to the order of Wells Fargo.

KEL failed to pay the amounts due and owing under Loan I, Loan II, Loan III and Ladner failed to pay the amounts due and owing under the Ladner Loan.  Wells Fargo thereafter declared Loan I, Loan II, Loan III and the Ladner Loan to be in default and demanded repayment thereof via written correspondence.

As of April 12, 2011, the total amount due under Note I is $42,069.33 consisting of $29,715.83 in principal, $11,036.62 in accrued interest and late fees of $1,316.88.  Interest continues to accrue on Note I at the rate of $12.29 per day from and after April 12, 2011.  As of April 12, 2011, the total amount due under Note II is $136,426.05 consisting of $112,899.78 in principal, $19,864.87 in accrued interest and late fees of $3,661.40.  Interest continues to accrue on Note II at the rate of $22.74 per day from and after April 12, 2011.  As of April 12, 2011, the total amount due under Note III is $124,236.83 consisting of $102,812.50 in principal, $18,090.00 in accrued interest and late fees of $3,334.33.  Interest continues to accrue on Note III at the rate of $20.71 per day from and after April 12, 2011.  As of April 12, 2011, the total amount due under the Ladner Note is $55,889.36

consisting of $47,203.12 in principal, $7,190.50 in accrued interest and late fees of $1,495.74. Interest continues to accrue on the Ladner Note at the rate of $8.19 per day from and after April 12, 2011. In addition, as of April 12, 2011, Wells Fargo has incurred $14,858.30 in attorneys' fees and costs in enforcing its rights against KEL and Ladner under the loan documents referenced herein and in its Complaint filed in this matter.

On June 9, 2010, Wells Fargo filed its Complaint against Defendants and properly served KEL and Ladner as required under Rule 4 of the Federal Rules of Civil Procedure. More than twenty-one (21) days have elapsed since the date on which Defendants were served with summons and a filed copy of the Complaint. On November 1, 2010, Wells Fargo filed its Application to Clerk for Entry of Default Against Defendants, with supporting Affidavit as required by Rule 55(a) of the Federal Rules of Civil Procedure. On November 2, 2010, a Clerk's Entry of Default was entered. Despite receiving proper notice of Wells Fargo's lawsuit, KEL and Ladner failed to answer or otherwise respond to Wells Fargo's Complaint in the manner prescribed by law.

As of April 12, 2011, Defendants owe Wells Fargo a total of $358,621.57 including principal, interest and late fees due under the terms and conditions of the loan documents referenced herein, cited in Wells Fargo's Complaint and attached thereto as exhibits. In addition, Wells Fargo is entitled to payment of its attorneys' fees and court costs incurred in enforcing its rights under the loan documents. As of April 12, 2011, Wells Fargo has incurred $14,858.30 in attorneys' fees and costs. The Court finds these fees and costs reasonable and necessary considering the nature of the litigation and the amount of damages sought by Wells Fargo.

IT IS THEREFORE ORDERED that because KEL and Ladner failed to answer, respond or otherwise defend against Wells Fargo's Complaint in a manner required by the Federal Rules of Civil

Procedure, Wells Fargo's Motion is well taken and should be granted and that Wells Fargo is entitled to a default judgment against KEL and Ladner as a matter of law.

    IT IS FURTHER ORDERED that judgment is hereby entered on behalf of Wells Fargo and against KEL and Ladner, jointly and severally, in the total amount of $373,479.87.

    SO ORDERED this the 13th day of April, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE